1st JUDICIAL DISTRICT COURT FOR THE PARISH OF CADDO

STATE OF LOUISIANA

NO. **623,306**                                     DIV. " **A** "

JOHN FELTY and JESSICA FELTY

**VERSUS**

CHUBB & SONS, INC., GREAT NORTHERN INSURANCE COMPANY, CHUBB
GROUP OF INSURANCE COMPANIES, CHUBB CUSTOM INSURANCE COMPANY,
CHUBB NATIONAL INSURANCE COMPANY, CHUBB INDEMNITY INSURANCE
COMPANY, FEDERAL INSURANCE COMPANY

FILED: _____          _____
                                                    **DEPUTY CLERK**

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come Petitioners, John Felty and

Jessica Felty (hereinafter "Petitioners"), who file their Petition for Damages against Defendants,

Chubb & Sons, Inc., Great Northern Insurance Company, Chubb Group of Insurance Companies,

Chubb Custom Insurance Company, Chubb National Insurance Company, Chubb Indemnity

Insurance Company, Federal Insurance Company (collectively, hereinafter "Chubb"), respectfully

averring as follows:

### I. PARTIES

1. Made Plaintiff herein is **JOHN FELTY**, an adult resident of the Parish of Caddo,
   Louisiana;

2. Additional made Plaintiff herein is **JESSICA FELTY**, an adult resident of the Parish of
   Caddo, Louisiana;

3. Made Defendants herein are **CHUBB & SONS, INC., GREAT NORTHERN
   INSURANCE COMPANY, CHUBB GROUP OF INSURANCE COMPANIES,
   CHUBB CUSTOM INSURANCE COMPANY, CHUBB NATIONAL INSURANCE
   COMPANY, CHUBB INDEMNITY INSURANCE COMPANY, FEDERAL
   INSURANCE COMPANY (collectively, "CHUBB")**, a group of non-Louisiana
   insurance companies authorized to do and doing business in the State of Louisiana and the
   Parish of Caddo, which may be served through the Louisiana Secretary of State.

### II. JURISDICTION AND VENUE

4. Jurisdiction is proper in this Honorable Court pursuant to Louisiana Code of Civil
   Procedure, Article 2.

1



**EXHIBIT**

**1**

$ tax FILED

APR -6 2020

5. Venue is proper in this Honorable Court pursuant to Louisiana Code of Civil Procedure Article 42 and 23.

### III. RELEVANT FACTS

6. At all times relevant hereto, Petitioners owned the property located at 4500 Glen Iris St. Shreveport, Louisiana 71106 (the "Property").

7. At all times relevant hereto, Chubb provided a policy of insurance, Policy Number 13141928-01 (the "Policy") to Petitioners which covered the Property against perils including wind, hail, and water.

8. On April 6, 2018, a wind/hailstorm damaged the Property's roof, allowing water to infiltrate the home's interior as a direct result of that damage and otherwise causing significant damage to and throughout the home.

9. This damage was not immediately discovered as is common with wind/hailstorm damage.

10. After Petitioners had finally noticed damage, Petitioners reported their loss to the insurer.

11. Petitioners hired a property loss specialist Justin "Colt" Friday, a public adjuster, to inspect the Property and document his findings.

12. In February 2019, Mr. Friday inspected the Property and created a report indicating that the Property had been damaged by a hailstorm occurring in April 2018 and an estimate indicating that it would cost $194,573.59 (RCV) to repair the damages resulting from that storm.

13. Mr. Friday's findings were presented to Chubb on March 6, 2019.

14. Mr. Friday created a supplement to his estimates, which he provided to Defendant on August 7, 2019. The supplement indicated it would cost $371,634.01 (RCV) to repair the damages resulting from the storm.

15. Additionally, on February 26, 2019, Precision Construction & Roofing produced an estimate of repairs, which totaled $272,036.71.

16. In response, Chubb dispatched adjuster, Doug DuBois of RYZE Claim Solution who inspected the Property on or about February 1, 2019 but grossly underreported damage to the Property's roof and estimated that Petitioners' damages totaled $193,432.05 (RCV)— a substantially deficient amount.

2

17. RYZE is a company that is frequently used by insureds and has a policy and pattern or underreporting losses. This permits insurance companies such as Chubb to underpay claims.

18. This relationship is symbiotic because RYZE depends on insurance companies to stay in business so RYZE constantly has an incentive to underestimate claims.

19. Of course, the problem is that insurance companies are aware of RYZE's practice and therefore cannot claim they were unaware that the claims are underreported.

20. Chubb then tendered partial payment.

21. To date, Chubb's payments to Petitioners for their covered loss are deficient by a total of $236,466.09.

22. Petitioners attempted to recover the remaining amount of their damages from Chubb to no avail.

23. Chubb's failure to comply with the terms of its own Policy caused and continues to cause significant delay to the repair of Petitioners' Property.

24. Upon information and belief, Chubb purposely and/or negligently failed to timely tender proceeds due Petitioners after having received satisfactory proof of loss.

25. Upon information and belief, Chubb purposely and/or negligently misrepresented to Petitioners the terms and conditions of the Policy.

26. Upon information and belief, Chubb conducted the investigation and claims handling for Petitioners' claims in bad faith.

27. Upon information and belief, Chubb manipulated its pricing software to artificially suppress the cost of repairs below market value.

28. Petitioners have incurred additional expenses in making repairs because Chubb failed to timely compensate them for their losses under the Policy.

29. Petitioners incurred professional expenses, including expert and/or attorney's fees, to determine that Chubb wrongfully failed to adequately/timely pay on their claims under the Policy.

### III. CAUSES OF ACTION

#### A. Breach of Insurance Contract

30. Petitioners reallege and re-aver the allegations contained in paragraphs 1-29, above, as if restated herein.

3

31. Despite having adequate proof of loss, Chubb failed to timely tender adequate funds under the Policy.

32. An insurance contract, the Policy, exists between Petitioners and Chubb.

33. By purposely and/or negligently failing to timely tender undisputed insurance proceeds, Chubb breached the insurance contract.

34. By purposely and/or negligently misrepresenting to Petitioners the terms and conditions of the relevant Policy, Chubb breached the insurance contract.

35. By conducting the investigation and claims handling in bad faith, Chubb breached the insurance contract.

36. By manipulating its pricing software to artificially suppress the cost of repairs below market value, Chubb breached the insurance contract.

37. By failing to adequately compensate Petitioners for the damages to the Property, as required by the Policy, Chubb breached the insurance contract.

38. Petitioners have suffered and continue to suffer damages as a result of these breaches of the insurance contract.

**B. Bad Faith**

39. Petitioners reallege and re-aver the allegations contained in Paragraphs 1-38, above, as if restated herein.

40. The actions and/or inactions of Chubb in failing to adequately compensate Petitioners for the covered losses under the Policy were arbitrary, capricious, and without probable cause—as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Chubb liable for statutory bad faith penalties.

41. Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

42. "[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

43. La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

4

44. Chubb is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Petitioners adequate payment in connection with their damages in 2018, despite having received satisfactory proof of loss following its own inspection(s) of the Property and after Petitioners independently provided documentation of the damages and replacement costs needed.

45. Chubb's misrepresentation of the terms of the Policy was in bad faith.

46. Chubb's failure to pay timely for damages Chubb knew, or should have known, existed at the time of the initial adjustment of the relevant claims, was in bad faith.

47. Upon information and belief, further evidence of Chubb's bad faith will be revealed through the discovery process.

## IV. DAMAGES

48. Petitioners reallege and re-aver the allegations contained in Paragraphs 1-47, above, as if restated herein

49. Chubb is liable to Petitioners under the following legal theories:

    a. Breach of contract;

    b. Bad faith claims adjusting practices, including, but not limited to, failing to adequately adjust Petitioners' claims; failing to timely initiate loss adjustment; misrepresentation of the terms of the applicable insurance Policy; purposeful or negligent under-scoping of damages leading to a failure to pay the relevant claims; purposeful price manipulation leading to a failure to pay the relevant claims; failure to pay timely for damages Chubb knew, or should have known existed at the time of the original adjustment; failing to timely tender adequate supplemental payment(s), etc.;

    c. Negligent claims adjusting practices leading to the incurrence of professional fees;

    d. Any and all other legal theories of recovery that become apparent during the discovery process and proven at the trial of this matter.

50. As a result of Chubb's breaches of contract, bad faith claims adjusting, and other bad acts, Petitioners have incurred the following, non-exclusive damages:

    a. Diminution of the value of the Property;

    b. Actual repair costs;

    c.  Penalties delineated in La. R.S. §§ 22:1892 and 22:1973;

    d.  Mental anguish;

    e.  Attorney's fees, other professional fees, and litigation costs associated with the

        bringing of this action; and

    f.  Any and all other damages that are shown through discovery and/or proven at the

        trial of this matter.

      **WHEREFORE,** Petitioners, John Felty and Jessica Felty, pray that, Defendant, Chubb

Insurance Company, be served with a copy of this Petition and be duly cited to appear and answer

the allegations contained therein, and that after expiration of all legal delays and proper legal

proceedings, there be a judgment entered in favor of Petitioners, John Felty and Jessica Felty, and

against Defendant, Chubb Insurance Company, in an amount that will fully and fairly compensate

Petitioners pursuant to the evidence and in accordance with the law, all sums with legal interest

thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and

for all general and equitable relief.

                            **RESPECTFULLY SUBMITTED:**

                            Galen M. Hair, LA Bar No. 32865
                            Madison C. Pitre, LA Bar No. 38867
                            **Scott, Vicknair, Hair & Checki, LLC**
                            909 Poydras Street, Suite 1100
                            New Orleans, Louisiana 70112
                            Phone: (504-684-5200)
                            Fax: (504-613-6351)

**PLEASE SERVE:**

**ALL DEFENDANTS**
Through the Louisiana Secretary of State:
Kyle Ardoin
8585 Archives Ave,
Baton Rouge, LA 70809

**SVHC**

SCOTT, VICKNAIR,
HAIR & CHECKI,
LLC

909 Poydras St., Suite 1100
New Orleans, Louisiana 70112
(P) 504-504-5230 (F) 504-613-6351
www.svhclaw.com

April 4, 2020

**VIA Facsimile (318) 227-9080**
1st Judicial District Court
Caddo Parish Clerk of Court
501 Texas Street
Room 103
Shreveport, LA 71101

> Re:     *John Felty & Jessica Felty v Chubb & Sons INC et al;* 1st Judicial District Court
> for the Parish of Caddo; Case No. [new suit]

Dear Clerk of Court :

Please see attached *Petition for Damages* be filed in the above-captioned matter. Please fax file same. Pursuant to La. R.S. 13:850, I will forward the original to you by mail within seven (7) days of your receipt of this facsimile transmission.

Please send a fax confirmation for receipt of the *Petition for Damages* as soon as possible so that I may enclose the confirmation sheet as well as the appropriate payment, with the original.

Should you need any additional information, please do not hesitate to call me at (504) 684-5200.

With professional regards, I remain

Sincerely,

Catherine Miller
Assistant to Madison C. Pitre

:cem

Encl.



SCAN94072020000000119

# FAX

| Date: | 04/04/2020 |
|---|---|

| Pages including cover sheet: | 9 |
|---|---|

| **To:** | 13182279080@rcfax.com |
|---|---|
| | |
| | |
| | |
| **Phone** | |
| **Fax Phone** | *(318) 227-9080* |

| **From:** | Catherine Miller |
|---|---|
| | |
| | |
| | |
| | |
| **Phone** | (504) 684-5200 * 110 |
| **Fax Phone** | 15046845200 |

NOTE:

## Mike Spence, Caddo Parish Clerk of Court

## FAX RECEIPT

Suit Number: 623,306-A        Fax Number: 504-613-6351

### New Suits

**Type of Suit:**

New Suits with one service (except for the following ($300.00) ▼

Number of Secretary of State Services: 7

Number of Other Services:

Number of Copies to be made in Clerk's Office: 1

Number of Certified Copies Needed: 8

Number of Pages: 6

Number of Pages in Exhibits: 4

Number of Subpoenas for Fire Personnel, Police Officers or Sheriff Deputies:

Number of Other Subpoenas:

Approximate total mileage for subpoenaed witnesses outside city limits:

Suit contains Rule to Show Cause, TRO, Sequestration, Attachment or FIFA ☐

Curator required? ☐

Filing to be faxed? (Enter number of pages above for price) ☑

**Total Deposit Required: $1462**

[ Clear New Suit Form ]   [ Print Page ]   [ Return to Main Calculator Page ]

## FAX LAW - Amended by Act 109, 2016

**§850. Facsimile transmission; filings in civil actions; fees; equipment and supplies**

A. Any document in a civil action may be filed with the clerk of court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time the facsimile transmission is received by the clerk of court. No later than on the first business day after receiving a facsimile filing, the clerk of court shall transmit to the filing party via facsimile a confirmation of receipt and include a statement of the fees for the facsimile filing and filing of the original document. The facsimile filing fee and transmission fee are incurred upon receipt of the facsimile filing by the clerk of court and payable as provided in Subsection B of this Section. The facsimile filing shall have the same force and effect as filing the original document, if the filing party complies with Subsection B of this Section.

B. Within seven days, exclusive of legal holidays, after the clerk of court receives the facsimile filing, all of the following shall be delivered to the clerk of court:

(1) The original document identical to the facsimile filing in number of pages and in content of each page including any attachments, exhibits, and orders. A document not identical to the facsimile filing or which includes pages not included in the facsimile filing shall not be considered the original document.

(2) The fees for the facsimile filing and filing of the original document stated on the confirmation of receipt, if any.

(3) A transmission fee of five dollars.

C. If the filing party fails to comply with any of the requirements of Subsection B of this Section, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.

D. The clerk may purchase equipment and supplies necessary to accommodate facsimile filings out of the clerk's salary fund.

Acts 1991, No. 463, §1; Acts 1995, No. 1119, §1; Acts 2012, No. 826, §1; Acts 2016, No. 109, §1.

## THIS IS THE ORIGINAL OF A PREVIOUSLY FAXED PLEADING

### FILE IMMEDIATELY

# Send Result Report

**MFP**

**CS 6002i**

Firmware Version 2NK_2000.004.052 2018.07.02

VFA8902024
04/06/2020 07:59
[2NK_1000.004.002] [2ND_1100.001.007] [2ND_7000.004.020]

Job No.: 010983          Total Time: 0°01'28"          Page: 003

# Complete

Document:          doc01098320200406075738

---

4/6/2020                                    Caddo Parish Civil Cost Calculator

## Mike Spence, Caddo Parish Clerk of Court

### FAX RECEIPT

Suit Number: 623,306-A                Fax Number: 504-613-6351

*New Suits*

Type of Suit:

New Suits with one service (except for the following ($300.00) ▼

Number of Secretary of State Services: 7

Number of Other Services:

Number of Copies to be made in Clerk's Office: 1

Number of Certified Copies Needed: 6

Number of Pages: 6

Number of Pages in Exhibits: 4

Number of Subpoenas for Fire Personnel, Police Officers or Sheriff Deputies:

Number of Other Subpoenas:

---

| No. | Date/Time | Destination | Times | Type | Result | Resolution/ECM |
|-----|-----------|-------------|-------|------|--------|----------------|
| 001 | 04/06/20 07:58 | 15046136351-5060 | 0°01'28" | FAX | OK | 200x100 Normal/Off |

1

**1st JUDICIAL DISTRICT COURT FOR THE PARISH OF CADDO**

**STATE OF LOUISIANA**

NO. 623306                                                      DIV. "" A

**JOHN FELTY and JESSICA FELTY**

**VERSUS**

**CHUBB & SONS, INC., GREAT NORTHERN INSURANCE COMPANY, CHUBB
GROUP OF INSURANCE COMPANIES, CHUBB CUSTOM INSURANCE COMPANY,
CHUBB NATIONAL INSURANCE COMPANY, CHUBB INDEMNITY INSURANCE
COMPANY, FEDERAL INSURANCE COMPANY**

**FILED:** _____                      _____
                                                  **DEPUTY CLERK**

**PETITION FOR DAMAGES**

    **NOW INTO COURT,** through undersigned counsel, come Petitioners, John Felty and

Jessica Felty (hereinafter "Petitioners"), who file their Petition for Damages against Defendants,

Chubb & Sons, Inc., Great Northern Insurance Company, Chubb Group of Insurance Companies,

Chubb Custom Insurance Company, Chubb National Insurance Company, Chubb Indemnity

Insurance Company, Federal Insurance Company (collectively, hereinafter "Chubb), respectfully

averring as follows:

**I. PARTIES**

1. Made Plaintiff herein is **JOHN FELTY**, an adult resident of the Parish of Caddo,
   Louisiana;

2. Additional made Plaintiff herein is **JESSICA FELTY**, an adult resident of the Parish of
   Caddo, Louisiana;

3. Made Defendants herein are **CHUBB & SONS, INC., GREAT NORTHERN
   INSURANCE COMPANY, CHUBB GROUP OF INSURANCE COMPANIES,
   CHUBB CUSTOM INSURANCE COMPANY, CHUBB NATIONAL INSURANCE
   COMPANY, CHUBB INDEMNITY INSURANCE COMPANY, FEDERAL
   INSURANCE COMPANY (collectively, "CHUBB")**, a group of non-Louisiana
   insurance companies authorized to do and doing business in the State of Louisiana and the
   Parish of Caddo, which may be served through the Louisiana Secretary of State.

**II. JURISDICTION AND VENUE**

4. Jurisdiction is proper in this Honorable Court pursuant to Louisiana Code of Civil

   Procedure, Article 2.

Fax filed.

PGS ___ EXH ___ MIN ___
CC ___ CP ___ MAIL ___ N/J ___
INDEX ___ REC ___ FAX ___
W/D DOC ___ CERT MAIL ___
SERVICE ___

$142 FILED

APR 08 2020

SANDY 2OTHELL
DEPUTY CLERK OF COURT
CADDO PARISH

5. Venue is proper in this Honorable Court pursuant to Louisiana Code of Civil Procedure Article 42 and 23.

### III. RELEVANT FACTS

6. At all times relevant hereto, Petitioners owned the property located at 4500 Glen Iris St. Shreveport, Louisiana 71106 (the "Property").

7. At all times relevant hereto, Chubb provided a policy of insurance, Policy Number 13141928-01 (the "Policy") to Petitioners which covered the Property against perils including wind, hail, and water.

8. On April 6, 2018, a wind/hailstorm damaged the Property's roof, allowing water to infiltrate the home's interior as a direct result of that damage and otherwise causing significant damage to and throughout the home.

9. This damage was not immediately discovered as is common with wind/hailstorm damage.

10. After Petitioners had finally noticed damage, Petitioners reported their loss to the insurer.

11. Petitioners hired a property loss specialist Justin "Colt" Friday, a public adjuster, to inspect the Property and document his findings.

12. In February 2019, Mr. Friday inspected the Property and created a report indicating that the Property had been damaged by a hailstorm occurring in April 2018 and an estimate indicating that it would cost $194,573.59 (RCV) to repair the damages resulting from that storm.

13. Mr. Friday's findings were presented to Chubb on March 6, 2019.

14. Mr. Friday created a supplement to his estimates, which he provided to Defendant on August 7, 2019. The supplement indicated it would cost $371,634.01 (RCV) to repair the damages resulting from the storm.

15. Additionally, on February 26, 2019, Precision Construction & Roofing produced an estimate of repairs, which totaled $272,036.71.

16. In response, Chubb dispatched adjuster, Doug DuBois of RYZE Claim Solution who inspected the Property on or about February 1, 2019 but grossly underreported damage to the Property's roof and estimated that Petitioners' damages totaled $193,432.05 (RCV)— a substantially deficient amount.

2

17. RYZE is a company that is frequently used by insureds and has a policy and pattern or underreporting losses. This permits insurance companies such as Chubb to underpay claims.

18. This relationship is symbiotic because RYZE depends on insurance companies to stay in business so RYZE constantly has an incentive to underestimate claims.

19. Of course, the problem is that insurance companies are aware of RYZE's practice and therefore cannot claim they were unaware that the claims are underreported.

20. Chubb then tendered partial payment.

21. To date, Chubb's payments to Petitioners for their covered loss are deficient by a total of $236,466.09.

22. Petitioners attempted to recover the remaining amount of their damages from Chubb to no avail.

23. Chubb's failure to comply with the terms of its own Policy caused and continues to cause significant delay to the repair of Petitioners' Property.

24. Upon information and belief, Chubb purposely and/or negligently failed to timely tender proceeds due Petitioners after having received satisfactory proof of loss.

25. Upon information and belief, Chubb purposely and/or negligently misrepresented to Petitioners the terms and conditions of the Policy.

26. Upon information and belief, Chubb conducted the investigation and claims handling for Petitioners' claims in bad faith.

27. Upon information and belief, Chubb manipulated its pricing software to artificially suppress the cost of repairs below market value.

28. Petitioners have incurred additional expenses in making repairs because Chubb failed to timely compensate them for their losses under the Policy.

29. Petitioners incurred professional expenses, including expert and/or attorney's fees, to determine that Chubb wrongfully failed to adequately/timely pay on their claims under the Policy.

### III. CAUSES OF ACTION

#### A. Breach of Insurance Contract

30. Petitioners reallege and re-aver the allegations contained in paragraphs 1-29, above, as if restated herein.

3

31. Despite having adequate proof of loss, Chubb failed to timely tender adequate funds under the Policy.

32. An insurance contract, the Policy, exists between Petitioners and Chubb.

33. By purposely and/or negligently failing to timely tender undisputed insurance proceeds, Chubb breached the insurance contract.

34. By purposely and/or negligently misrepresenting to Petitioners the terms and conditions of the relevant Policy, Chubb breached the insurance contract.

35. By conducting the investigation and claims handling in bad faith, Chubb breached the insurance contract.

36. By manipulating its pricing software to artificially suppress the cost of repairs below market value, Chubb breached the insurance contract.

37. By failing to adequately compensate Petitioners for the damages to the Property, as required by the Policy, Chubb breached the insurance contract.

38. Petitioners have suffered and continue to suffer damages as a result of these breaches of the insurance contract.

### B. Bad Faith

39. Petitioners reallege and re-aver the allegations contained in Paragraphs 1-38, above, as if restated herein.

40. The actions and/or inactions of Chubb in failing to adequately compensate Petitioners for the covered losses under the Policy were arbitrary, capricious, and without probable cause—as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Chubb liable for statutory bad faith penalties.

41. Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

42. "[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

43. La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

4

44. Chubb is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Petitioners adequate payment in connection with their damages in 2018, despite having received satisfactory proof of loss following its own inspection(s) of the Property and after Petitioners independently provided documentation of the damages and replacement costs needed.

45. Chubb's misrepresentation of the terms of the Policy was in bad faith.

46. Chubb's failure to pay timely for damages Chubb knew, or should have known, existed at the time of the initial adjustment of the relevant claims, was in bad faith.

47. Upon information and belief, further evidence of Chubb's bad faith will be revealed through the discovery process.

## IV. DAMAGES

48. Petitioners reallege and re-aver the allegations contained in Paragraphs 1-47, above, as if restated herein

49. Chubb is liable to Petitioners under the following legal theories:

    a. Breach of contract;

    b. Bad faith claims adjusting practices, including, but not limited to, failing to adequately adjust Petitioners' claims; failing to timely initiate loss adjustment; misrepresentation of the terms of the applicable insurance Policy; purposeful or negligent under-scoping of damages leading to a failure to pay the relevant claims; purposeful price manipulation leading to a failure to pay the relevant claims; failure to pay timely for damages Chubb knew, or should have known existed at the time of the original adjustment; failing to timely tender adequate supplemental payment(s), etc.;

    c. Negligent claims adjusting practices leading to the incurrence of professional fees;

    d. Any and all other legal theories of recovery that become apparent during the discovery process and proven at the trial of this matter.

50. As a result of Chubb's breaches of contract, bad faith claims adjusting, and other bad acts, Petitioners have incurred the following, non-exclusive damages:

    a. Diminution of the value of the Property;

    b. Actual repair costs;

5

  c. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973;

  d. Mental anguish;

  e. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action; and

  f. Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

  **WHEREFORE**, Petitioners, John Felty and Jessica Felty, pray that, Defendant, Chubb Insurance Company, be served with a copy of this Petition and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Petitioners, John Felty and Jessica Felty, and against Defendant, Chubb Insurance Company, in an amount that will fully and fairly compensate Petitioners pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

**RESPECTFULLY SUBMITTED:**

Galen M. Hair, LA Bar No. 32865
Madison C. Pitre, LA Bar No. 38867
**Scott, Vicknair, Hair & Checki, LLC**
909 Poydras Street, Suite 1100
New Orleans, Louisiana 70112
Phone: (504-684-5200)
Fax: (504-613-6351)

**PLEASE SERVE:**

**ALL DEFENDANTS**
Through the Louisiana Secretary of State:
Kyle Ardoin
8585 Archives Ave,
Baton Rouge, LA 70809

# Mike Spence, Caddo Parish Clerk of Court

## FAX RECEIPT

Suit Number: 623,306-A          Fax Number: 504-813-6351

### New Suits

**Type of Suit:**

New Suits with one service (except for the following ($300.00) ▼

Number of Secretary of State Services: 7

Number of Other Services: 

Number of Copies to be made in Clerk's Office: 1

Number of Certified Copies Needed: 8

Number of Pages: 6

Number of Pages in Exhibits: 4

Number of Subpoenas for Fire Personnel, Police Officers or Sheriff Deputies:

Number of Other Subpoenas:

Approximate total mileage for subpoenaed witnesses outside city limits:

Suit contains Rule to Show Cause, TRO, Sequestration, Attachment or FIFA

Curator required?

Filing to be faxed? (Enter number of pages above for price) ✒

**Total Deposit Required: $1462**

Clear New Suit Form | Print Page | Return to Main Calculator Page

## FAX LAW - Amended by Act 109, 2016

**§850. Facsimile transmission; filings in civil actions; fees; equipment and supplies**

A. Any document in a civil action may be filed with the clerk of court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time the facsimile transmission is received by the clerk of court. No later than on the first business day after receiving a facsimile filing, the clerk of court shall transmit to the filing party via facsimile a confirmation of receipt and include a statement of the fees for the facsimile filing and filing of the original document. The facsimile filing fee and transmission fee are incurred upon receipt of the facsimile filing by the clerk of court and payable as provided in Subsection B of this Section. The facsimile filing shall have the same force and effect as filing the original document, if the filing party complies with Subsection B of this Section.

B. Within seven days, exclusive of legal holidays, after the clerk of court receives the facsimile filing, all of the following shall be delivered to the clerk of court:

(1) The original document identical to the facsimile filing in number of pages and in content of each page including any attachments, exhibits, and orders. A document not identical to the facsimile filing or which includes pages not included in the facsimile filing shall not be considered the original document.

(2) The fees for the facsimile filing and filing of the original document stated on the confirmation of receipt, if any.

(3) A transmission fee of five dollars.

C. If the filing party fails to comply with any of the requirements of Subsection B of this Section, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.

D. The clerk may purchase equipment and supplies necessary to accommodate facsimile filings out of the clerk's salary fund.

Acts 1991, No. 483, §1; Acts 1995, No. 1119, §1; Acts 2012, No. 826, §1; Acts 2016, No. 109, §1.

Caddo Parish Civil Cost Calculator

## **ATTENTION FILING CLERK**

## THIS IS THE ORIGINAL OF A PREVIOUSLY FAXED PLEADING

## FILE IMMEDIATELY

From: Catherine Miller     Fax: 15246846200     To: 13382179080@rcfax.com     Fax: (318) 227-8080          Page: 4 of 9     04/04/2020 2:30 PM

## 1st JUDICIAL DISTRICT COURT FOR THE PARISH OF CADDO

### STATE OF LOUISIANA

NO. 623,306                                                   DIV. "" A

### JOHN FELTY and JESSICA FELTY

### VERSUS

CHUBB & SONS, INC., GREAT NORTHERN INSURANCE COMPANY, CHUBB
GROUP OF INSURANCE COMPANIES, CHUBB CUSTOM INSURANCE COMPANY,
CHUBB NATIONAL INSURANCE COMPANY, CHUBB INDEMNITY INSURANCE
COMPANY, FEDERAL INSURANCE COMPANY

FILED: _____

                                        _____
                                        DEPUTY CLERK

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come Petitioners, John Felty and

Jessica Felty (hereinafter "Petitioners"), who file their Petition for Damages against Defendants,

Chubb & Sons, Inc., Great Northern Insurance Company, Chubb Group of Insurance Companies,

Chubb Custom Insurance Company, Chubb National Insurance Company, Chubb Indemnity

Insurance Company, Federal Insurance Company (collectively, hereinafter "Chubb"), respectfully

averring as follows:

### I. PARTIES

1. Made Plaintiff herein is JOHN FELTY, an adult resident of the Parish of Caddo,
   Louisiana;

2. Additional made Plaintiff herein is JESSICA FELTY, an adult resident of the Parish of
   Caddo, Louisiana;

3. Made Defendants herein are CHUBB & SONS, INC., GREAT NORTHERN
   INSURANCE COMPANY, CHUBB GROUP OF INSURANCE COMPANIES,
   CHUBB CUSTOM INSURANCE COMPANY, CHUBB NATIONAL INSURANCE
   COMPANY, CHUBB INDEMNITY INSURANCE COMPANY, FEDERAL
   INSURANCE COMPANY (collectively, "CHUBB"), a group of non-Louisiana
   insurance companies authorized to do and doing business in the State of Louisiana and the
   Parish of Caddo, which may be served through the Louisiana Secretary of State.

### II. JURISDICTION AND VENUE

4. Jurisdiction is proper in this Honorable Court pursuant to Louisiana Code of Civil
   Procedure, Article 2.

1



# Citation

JOHN FELTY, ET AL                          NO. 623306– A
        VS                                 STATE OF LOUISIANA
CHUBB & SONS INC, ET AL                    PARISH OF CADDO
                                           FIRST JUDICIAL DISTRICT COURT

        —

THE STATE OF LOUISIANA, TO:    FEDERAL INSURANCE COMPANY
                               THRU HONORABLE SECRETARY OF STATE
                               BATON ROUGE, LA 70809

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued
for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days after you have received
these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court
at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within FIFTEEN
(15) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date April 8, 2020.

        *Also attached are the following:              **MIKE SPENCE, CLERK OF COURT**

_____ REQUEST FOR ADMISSIONS OF FACTS

_____ INTERROGATORIES

_____ REQUEST FOR PRODUCTION OF DOCUMENTS    By: _____

  XX   PETITION FOR DAMAGES                          Deputy Clerk

                                          _____
                                                    GALEN HAIR

                                                     Attorney

# FILE COPY

CPCC.CV.1859073

mollym

# Citation

JOHN FELTY, ET AL
     VS
CHUBB & SONS INC, ET AL

NO. 623306– A
STATE OF LOUISIANA
PARISH OF CADDO
FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:    CHUBB NATIONAL INSURANCE COMPANY
                                        THRU HONORABLE SECRETARY OF STATE
                                        BATON ROUGE, LA 70809

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date April 8, 2020.

    *Also attached are the following:                 **MIKE SPENCE, CLERK OF COURT**

_____ REQUEST FOR ADMISSIONS OF FACTS

_____ INTERROGATORIES

_____ REQUEST FOR PRODUCTION OF DOCUMENTS   By: _____

 XX   PETITION FOR DAMAGES                        Deputy Clerk

                                         GALEN HAIR

                                         Attorney

# FILE COPY

# Citation

JOHN FELTY, ET AL                          NO. 623306– A
     VS                                         STATE OF LOUISIANA
CHUBB & SONS INC, ET AL                     PARISH OF CADDO
                                           FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:    CHUBB INDEMNITY INSURANCE COMPANY
                               THRU HONORABLE SECRETARY OF STATE
                               BATON ROUGE, LA 70809

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued
for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days after you have received
these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court
at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within FIFTEEN
(15) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date April 8, 2020.

    *Also attached are the following:              **MIKE SPENCE, CLERK OF COURT**

    _____ REQUEST FOR ADMISSIONS OF FACTS

    _____ INTERROGATORIES

    _____ REQUEST FOR PRODUCTION OF DOCUMENTS    By: _____

    **XX**   PETITION FOR DAMAGES                      Deputy Clerk

                                            _____GALEN HAIR_____

                                                      Attorney

# FILE COPY

mollym                                                                          CPCC.CV.1859057

# Citation

JOHN FELTY, ET AL
    VS
CHUBB & SONS INC, ET AL

NO. 623306– A
STATE OF LOUISIANA
PARISH OF CADDO
FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:    CHUBB GROUP OF INSURANCE COMPANIES
THRU HONORABLE SECRETARY OF STATE
BATON ROUGE, LA 70809

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date April 8, 2020.

*Also attached are the following:    **MIKE SPENCE, CLERK OF COURT**

_____ REQUEST FOR ADMISSIONS OF FACTS

_____ INTERROGATORIES

_____ REQUEST FOR PRODUCTION OF DOCUMENTS    By: _____

**XX**  PETITION FOR DAMAGES           Deputy Clerk

_____
      GALEN HAIR
        Attorney

# FILE COPY

# Citation

| JOHN FELTY, ET AL | NO. 623306–A |
|---|---|
| VS | STATE OF LOUISIANA |
| CHUBB & SONS INC, ET AL | PARISH OF CADDO |
| | FIRST JUDICIAL DISTRICT COURT |

THE STATE OF LOUISIANA, TO:   CHUBB CUSTOM INSURANCE COMPANY
THRU HONORABLE SECRETARY OF STATE
BATON ROUGE, LA 70809

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date April 8, 2020.

\*Also attached are the following:                    **MIKE SPENCE, CLERK OF COURT**

_____ REQUEST FOR ADMISSIONS OF FACTS

_____ INTERROGATORIES

_____ REQUEST FOR PRODUCTION OF DOCUMENTS    By: _____

__XX__ PETITION FOR DAMAGES                                Deputy Clerk

_____
GALEN HAIR

Attorney

# FILE COPY

mollym

CPCC.CV.1859032

# Citation

JOHN FELTY, ET AL

VS

CHUBB & SONS INC, ET AL

NO. 623306– A

STATE OF LOUISIANA

PARISH OF CADDO

FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO: CHUBB & SONS INC

THRU HONORABLE SECRETARY OF STATE

BATON ROUGE, LA 70809

YOU HAVE BEEN SUED.

Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date April 8, 2020.

*Also attached are the following:

**MIKE SPENCE, CLERK OF COURT**

_____ REQUEST FOR ADMISSIONS OF FACTS

_____ INTERROGATORIES

_____ REQUEST FOR PRODUCTION OF DOCUMENTS     By: _____

__XX__ PETITION FOR DAMAGES

Deputy Clerk

_____

GALEN HAIR

Attorney

# FILE COPY

mollym                                                                                    CPCC.CV.f859024

# Citation

JOHN FELTY, ET AL                      NO. 623306– A
        VS                             STATE OF LOUISIANA
CHUBB & SONS INC, ET AL                PARISH OF CADDO
                                       FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:    GREAT NORTHERN INSURANCE COMPANY
                               THRU HONORABLE SECRETARY OF STATE
                               BATON ROUGE, LA 70809

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued
for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days after you have received
these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court
at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within FIFTEEN
(15) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date April 8, 2020.

        *Also attached are the following:              **MIKE SPENCE, CLERK OF COURT**

_____   REQUEST FOR ADMISSIONS OF FACTS

_____   INTERROGATORIES

_____   REQUEST FOR PRODUCTION OF DOCUMENTS      By: _____

  XX     PETITION FOR DAMAGES                          Deputy Clerk


                                              _____
                                                        GALEN HAIR

                                                         Attorney


# FILE COPY