UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JOHN FELTY, ET AL | CIVIL ACTION NO. 20-cv-0634 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| CHUBB & SON, INC., ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

John and Jessica Felty ("Plaintiffs") filed this civil action in state court for damages arising out of an insurance contract dispute. Plaintiffs named as defendants Chubb & Son, Inc. ("Chubb and Son"), Great Northern Insurance Company ("Great Northern"), Chubb Group of Insurance Companies ("Chubb Group"), Chubb Custom Insurance Company ("Chubb Custom"), Chubb National Insurance Company ("Chubb National"), Chubb Indemnity Insurance Company ("Chubb Indemnity"), and Federal Insurance Company ("Federal Insurance").

The several defendants removed the case to this federal court on the basis of diversity jurisdiction, which puts the burden on them to set forth specific allegations that show complete diversity of citizenship of the parties and an amount in controversy over $75,000. The notice of removal alleges that the amount in controversy exceeds $75,000. The petition filed in state court alleges that "Chubb's payments to Petitioners for their covered loss are deficient by a total of $236,466.09." Petition, Doc. 1-1, p. 3, ¶ 21. Plaintiffs also claim damages for statutory penalties and fees. These allegations are sufficient to satisfy the amount in controversy requirement. But, as explained below,

additional information is needed about the citizenship of the parties. The removing defendants will be allowed until **June 12, 2020** to file an amended notice of removal and attempt to meet their burden.

The notice of removal states that Plaintiffs are "alleged to be adult residents of the Parish of Caddo, Louisiana." It is domicile rather than mere residency that decides citizenship for diversity purposes, and "an allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" Midcap Media Finance, LLC v. Pathway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 (5th Cir. 1984). A person may reside in multiple states simultaneously, but "[a]n individual who resides in more than one State is regarded, for purposes of federal subject-matter (diversity) jurisdiction, as a citizen of but one State." Wachovia Bank v. Schmidt, 126 S. Ct. 941, 951 (2006). That is the state in which the person is domiciled. Id.; Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 451 (5th Cir. 2003). The removing defendants must file an amended notice of removal that specifically alleges Plaintiffs' state(s) of domicile.

The notice of removal alleges that Chubb & Son is "a non-Louisiana entity incorporated in and a citizen of the State of New York for diversity purposes." The notice makes similar allegations with regard to Great Northern, Chubb Custom, Chubb National, Chubb Indemnity, and Federal Insurance. For each of these entities, the notice of removal alleges that the entity is "incorporated," implying that each of these defendants is a corporation. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. §

1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). Defendants must specifically allege in their amended notice of removal the state of incorporation *and* the state in which each corporate defendant has its principal place of business as defined by Hertz Corp. v. Friend, 130 S.Ct. 1181 (2010).

The notice of removal alleges that Chubb Group of Insurance Companies "is not a citizen of any state and is not an entity that is capable of being sued. Rather, "'Chubb Group of Insurance Companies' is a descriptive phrase used to denote separately capitalized insurance companies, which are under common ownership." If that is correct, it may be disregarded when assessing jurisdiction because, in determining whether a case may be removed based on diversity, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C.A. § 1441(b).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 26th day of May, 2020.



Mark L. Hornsby
U.S. Magistrate Judge