UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JOHN FELTY, ET AL | CIVIL ACTION NO. 20-cv-0634 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| CHUBB & SON, INC, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

John and Jessica Felty ("Plaintiffs") filed this civil action in state court for damages arising out of an insurance contract dispute. Plaintiffs originally named as defendants Great Northern Insurance Company ("Great Northern"), along with Chubb & Son, Inc., Chubb Group of Insurance Companies, Chubb Custom Insurance Company, Chubb National Insurance Company, Chubb Indemnity Insurance Company, and Federal Insurance Company ("The Chubb defendants").

Several defendants removed the case based on an assertion of diversity jurisdiction, which put the burden on them to set forth specific facts that show complete diversity of citizenship of the parties and an amount in controversy over $75,000. The original notice of removal did not properly allege the citizenship of all defendants. In a footnote, the defendants asserted that the policy at issue "was issued by Great Northern Insurance Company, not any of the other Defendants. Defendants will request that Plaintiffs voluntarily amend their Petition to dismiss Defendants other than Great Northern Insurance Company." Doc. 1, p. 3, n.4.

The court entered an order directing the defendants to, in order to meet their burden of establishing diversity jurisdiction, amend their notice of removal to properly allege the citizenship of all of the named defendants. Doc. 7. Plaintiffs soon afterwards filed a Joint Stipulation of Voluntary Partial Dismissal (Doc. 8) that voluntarily dismissed all claims against all defendants other than Great Northern. Defendants then filed an amended notice of removal (Doc. 12) that properly alleged the citizenship of Plaintiffs (Louisiana) and Great Northern (Minnesota and New Jersey) but did not allege the citizenship of the dismissed Chubb defendants.

"In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996). And if diversity of citizenship did not exist when the action was commenced, the courts generally agree that it cannot be created later by a potentially diversity-creating event. Wright & Miller, 13E Fed. Prac. & Proc. Juris. § 3608 (3d ed.). This means the citizenship of the dismissed defendants, which were parties at commencement, is still potentially relevant.

However, the original notice of removal alleged that the Chubb defendants were not responsible because they did not issue the insurance policy at issue. This allegation is equivalent to an assertion that the Chubb defendants were improperly joined in the action because there is no reasonable possibility that they can be held liable. The improper joinder doctrine allows the court to ignore the citizenship of the Chubb defendants, whose citizenship is not known. Smallwood v. Illinois Central R.R. Co., 385 F.3d 568 n. 1 (5th Cir. 2004) (en banc).

Plaintiffs conceded the improper joinder of the Chub defendants by dismissing them from the case, so the court will ignore their citizenship. There is complete diversity between Plaintiffs and Great Northern. Accordingly, the court makes a preliminary finding that subject matter exists pursuant to 28 U.S.C. 1332. This finding is preliminary and may be reconsidered sua sponte or on appropriate motion. A scheduling conference will be set in due course.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of June, 2020.

Mark L. Hornsby
U.S. Magistrate Judge